**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Robert Winburn, a.k.a. Scott
Libby,

                Case No. 19-cv-12226

            Petitioner,

                Judith E. Levy

v.                  United States District Judge

Kevin Lindsey,           Mag. Judge David R. Grand

            Defendant.

_____/

**OPINION AND ORDER DISMISSING PETITON FOR**
**WRIT OF HABEAS CORPUS [1]**

On July 29, 2019, petitioner Robert Winburn filed this action in
federal court. Without addressing the merits of Winburn's complaint, the
Court declines to exercise jurisdiction under the *Younger* abstention
doctrine and dismisses the complaint without prejudice.

## I.    Background

Winburn is currently in custody of the Michigan Department of
Corrections at the G. Robert Cotton Correctional Facility in Jackson,
Michigan. (ECF No. 1, PageID.1–2.). Winburn is also a pretrial detainee
in Washtenaw County charged with first-degree home invasion, armed

robbery, and conspiracy to commit first-degree home invasion. (ECF No. 1, PageID.4–5.) Winburn has previously filed a habeas petition in this Court challenging the pending charges on double jeopardy grounds. *See Libby v. Lindsey*, Case No. 18-cv-13842 (E.D. Mich. Dec. 12, 2018), ECF No. 1. No decision has been rendered in that case.

On June 21, 2019, the state trial court, noting that "Defendant's actions are interfering with the ability of the court to conclude a trial of his case," entered an order enjoining Winburn "during the pendency of this case from filing any complaint or grievance in this court, with the Attorney Grievance Commission, or any court against his appointed counsel until trial of this case is concluded." Order Enjoining Defendant, *People v. Robert Winburn*, Case No. 17-654-FC, (Washtenaw Cty. Trial Ct. June 21, 2019) (hereinafter "Order Enjoining Defendant"). Winburn subsequently filed this petition seeking relief from the Order Enjoining Defendant. (ECF No. 1.) Although Winburn styled this action as a habeas petition under 28 U.S.C. § 2241, his complaint neither challenges the conditions or legality of his custody nor seeks relief from Kevin Lindsey, the nominal defendant. (*Id.*) Instead, Winburn raises a constitutional challenge to the Order Enjoining Defendant, alleging that because of it

"he is deprived of his First Amendment Free Speech, and right of Petition Clause rights." (*Id.* at PageID.4–5.) Properly read, the complaint is not a habeas action but a civil rights action seeking to enjoin the state trial court for deprivation of Winburn's First Amendment rights. Accordingly, the Court reconstrues Winburn's habeas petition as a claim for declaratory and injunctive relief under 42 U.S.C. § 1983. *See Brown v. Mills*, 639 F.3d 733, 734 (6th Cir. 2011) (noting that a district court reconstrued a *pro se* prisoner's habeas petition as a civil rights action).

## II. Legal Standard

Although federal courts generally "are obliged to decide cases within the scope of federal jurisdiction," when a suit "threatens undue interference with state proceedings. . . the proper course is for the federal court to abstain from entertaining the action." *Aaron v. O'Conner*, 914 F.3d 1010, 1016 (6th Cir. 2019) (citing *Sprint Commc'ns v. Jacob*, 571 U.S. 69, 72 (2013)). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that "absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council*, 491 U.S. 350, 364 (1989). This doctrine, known as *Younger* abstention, is grounded in the bedrock principle that our

nation is comprised of many smaller sovereigns and guided by a deep respect for state functions. *Younger*, 401 U.S. at 44. As the Sixth Circuit has recognized, the exercise of *Younger* abstention is appropriate "when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Each of the three criteria counseling *Younger* abstention is present here.

## III. Analysis

Plaintiff's criminal prosecution is currently pending in state court, satisfying the first criterion. *See Fed. Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962 (6th Cir. 1992) ("Under this rule, if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied.") A criminal prosecution is exactly the kind of state proceeding envisioned by *Younger*; indeed, Younger itself dealt with a state criminal prosecution. *Younger,* 401 U.S. at 43.

Second, a criminal prosecution unquestionably involves important state interests. Again, this type of proceeding was exactly the kind of proceeding at issue in *Younger*. *Id.* As the Sixth Circuit recognizes, "state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere." *Leveye v. Metro. Pub. Def.'s Office*, 73 Fed.Appx. 792, 794 (6th Cir. 2003).

Third, Winburn has not shown a lack of adequate opportunity to bring his claims in state court. Winburn has not indicated that he has either sought to vacate the order in his criminal prosecution or attempted an interlocutory appeal pursuant to the Michigan Court Rules. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995) (claimant must prove inadequacy of state court procedures to warrant federal court intervention). Winburn has demonstrated his knowledge of state court sources of relief. He has previously sought interlocutory appeal of issues in the underlying state court proceeding. *See Libby v. Lindsey*, Case 18-

cv-13842 (E.D. Mich., Mar. 18, 2019), ECF No. 14, PageID.201 (describing previous attempt by Winburn to bring interlocutory appeal). Thus, the third criterion is present.

Finally, Winburn is not facing a risk of irreparable injury that could nonetheless justify federal court intervention. *See Fuller v. Jolly*, 41 Fed. App'x 821, 822 (6th Cir. 2002) (finding that *Younger* prevents federal interference absent "great, immediate and irreparable injury"). The Order Enjoining Defendant does not completely foreclose Winburn from remedying his concerns regarding the effectiveness of counsel. Winburn is enjoined from filing an attorney grievance only "until trial of this case is concluded." Order Enjoining Defendant. Winburn may file attorney grievances if he so wishes the moment his trial has concluded. Additionally, the order allows Winburn to "file an *in pro per* motion to discharge his attorney." Thus, Winburn is not at risk of experiencing irreparable injury.

Because exercising jurisdiction in this case would involve interfering in a pending criminal prosecution involving important state interests and Winburn has an adequate opportunity to raise his

constitutional claims in state court, this Court declines to exercise jurisdiction.

## I.     Conclusion

For the reasons set forth above, the petition (ECF No. 1) is **DISMISSED** without prejudice. It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED**.

IT IS SO ORDERED.

Dated: September 16, 2019          s/Judith E. Levy
      Ann Arbor, Michigan          JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 16, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager