# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Robert Winburn, a.k.a. Scott Libby,

        Petitioner,

v.

Kevin Lindsey,

        Defendant.

Case No. 19-cv-12226

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION [7]

On July 29, 2019, Petitioner Robert Winburn filed a § 2241 petition for habeas corpus seeking relief from a state trial court order in his ongoing criminal prosecution. (ECF No. 1.) On September 16, 2019, the Court recharacterized Winburn's petition as a § 1983 claim, declined to exercise jurisdiction under the *Younger* abstention doctrine, and dismissed the case without prejudice. (ECF No. 5.) On September 26, 2019, Petitioner filed this Motion for Reconsideration. (ECF No. 7.) Because the Court erred in recharacterizing Winburn's claims without first seeking his informed consent, his motion is granted in part.

Winburn's motion is also denied in part because he has not shown a palpable defect requiring reversal of dismissal.

## I. Background

Winburn is currently in custody of the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (ECF No. 1, PageID.1–2.) Winburn is also a pretrial detainee in Washtenaw County charged with first-degree home invasion, armed robbery, and conspiracy to commit first-degree home invasion. (ECF No. 1, PageID.4-5.) Winburn has previously filed a habeas petition in this Court challenging the pending charges on double jeopardy grounds. *See Libby v. Lindsey*, Case No. 18-cv-13842 (E.D. Mich. Dec. 12, 2018), ECF No. 1. No decision has been rendered in that case.

On June 21, 2019, the state trial court, noting that "Defendant's actions are interfering with the ability of the court to conclude a trial of his case," entered an order enjoining Winburn "from filing any complaint or grievance in this court, with the Attorney Grievance Commission, or any court against his appointed counsel until trial of this case is concluded." Order Enjoining Def., *People v. Winburn*, Case No. 17-654-FC, (Washtenaw Cty. Trial Ct. June 21, 2019) (hereinafter

"Order Enjoining Defendant"). Winburn subsequently filed this petition seeking relief from the Order Enjoining Defendant and to ensure his presence at trial. (ECF No. 1.) He alleges that the order demonstrates a conspiracy between the state court and his court-appointed attorney to deprive him of his First Amendment rights and to try him "in *abstentia*" in retaliation for filing his 2018 habeas petition. (ECF No. 1, PageID.4.)

Because Winburn's petition did not challenge the conditions, legality, or duration of his custody, the Court reconstrued the petition as a claim for declaratory and injunctive relief under 42 U.S.C. § 1983. (ECF No. 5, PageID.73.) The Court declined to exercise jurisdiction under the *Younger* abstention doctrine. (*Id.* at PageID.74–77.) The Court found that each of the three *Younger* criteria was present: 1) a state criminal proceeding against Petitioner is currently pending; 2) the proceeding involves an important state interest; 3) and Petitioner has an adequate opportunity to raise his constitutional claims in state court. *Id.*; *Younger v. Harris*, 401 U.S. 37 (1971). The Court dismissed Petitioner's case without prejudice.

Petitioner now argues that the Court committed five errors that require reconsideration. (ECF No. 7.)

## II. Legal Standard

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e), that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties use . . . a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

## III. Analysis

Winburn's motion alleges five errors in the Court's September 16 Order that require reconsideration. The Court erred in recharacterizing Winburn's petition as a § 1983 claim without his informed consent, and so the Court will no longer recharacterize it. This procedural error does not impact the substantive analysis of Winburn's claims. *Younger* abstention is still appropriate, and the Court still dismisses Winburn's petition without prejudice. Petitioner is not granted leave to proceed *in forma pauperis* on appeal, and a Certificate of Appealability is denied.

### A. Notice of Recharacterization

Winburn argues that the Court erred in failing to notify him of its intent to recharacterize his claims. In *Castro v. United States*, the Supreme Court held that a court cannot recharacterize a pro se litigant's § 1983 claim as a first § 2255 habeas petition "*unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provide the litigant with an opportunity to withdraw, or to amend, the filing." 540 U.S. 375, 377 (2003). Here, the Court recharacterized Petitioner's § 2241 claim as a §

1983 claim. This recharacterization does not risk the prejudicial consequences described in *Castro*, but it does generate its own procedural consequences. As the Seventh Circuit explains in *Glaus v. Anderson*, a recharacterization of a habeas claim to a § 1983 claim can subject a claim to the PLRA's three-strikes rule and different exhaustion requirements, among other procedural distinctions. 408 F.3d 382, 388 (7th Cir. 2005). The Seventh, Eighth, and Ninth Circuits have all held that a district court may recharacterize a habeas petition "so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his complaint." *Id.*; *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016); *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). Although the Sixth Circuit has not spoken on the issue, this Court finds the reasoning of the Seventh, Eight, and Ninth Circuits persuasive and holds that it erred in recharacterizing Petitioner's claims without his informed consent. Correcting this defect will result in a different disposition of the case, as the Court will no longer recharacterize Petitioner's claims and Petitioner will be subject to a different set of procedural consequences in future filings. Therefore, Petitioner has satisfied the standard for reconsideration set forth in Local

Rule 7.1. Petitioner's Motion for Reconsideration is granted with respect to this claim.

### B. Substance of Recharacterization

Petitioner argues that the Court erred substantively in recharacterizing his habeas petition as a § 1983 suit. Because the Court no longer recharacterizes Petitioner's claims but still will dismiss Petitioner's suit under the *Younger* abstention doctrine, Petitioner's Motion for Reconsideration is denied as moot with respect to this claim.

### C. **No Opportunity for State Court Review**

Winburn challenges the Court's conclusion with respect to *Younger* abstention's third prong. According to Petitioner, any opportunity to raise constitutional claims in state court will be inadequate for three reasons. (ECF No. 7, PageID.84-86.) First, Petitioner argues that he cannot seek review in state court because "by virtue of the enjoinment order, [he] is specifically directed that he cannot file any motion in any court in pro-se." (ECF No. 7, PageID.84.). Second, Petitioner claims that any state court review will not be timely. (*Id.* at PageID.85.) Finally, Petitioner argues that a state court conspiracy renders state court review futile. (*Id.* at PageID.86.)

7

Petitioner's first claim is untrue; he may seek review of the Order Enjoining Defendant in state court. The order is more limited in scope than Petitioner suggests. It prohibits Petitioner from "filing any complaint or grievance in [state trial] court, with the Attorney Grievance Commission, or any court *against his appointed counsel* until trial of this case is concluded." Order Enjoining Defendant (emphasis added). The terms of the order do not prevent Petitioner from filing pleadings that raise claims other than those against his appointed counsel. Petitioner may seek an interlocutory appeal of the Order Enjoining Defendant. *See* MCR 7.105. Petitioner argues that "the gag order by the state trial court limits petitioner's appeal options to the very court complained of." (ECF No. 7, Page.ID.83.) However, Michigan Court Rules provide that applications for leave to appeal are to be filed with the clerk of the circuit court. MCR 7.105(A). Thus, Winburn has a process through which state courts may provide adequate review of his constitutional claims.

Winburn next argues that any state court review cannot be timely, citing to *Riley v. Nevada Supreme Court*. 763 F. Supp. 446 (D. Nev. 1991) (cited by Petitioner as *Weaver v. Nevada Supreme Court*, 1991 U.S. Dist. LEXIS 5929 (U.S.D.C. Nev. 1991)). In *Riley*, a class of plaintiffs

challenged a Nevada Supreme Court rule governing procedures in death penalty appeals. *Id.* The court found that state-court review would not be timely and *Younger* abstention was inappropriate where a rule increased the risk of procedural default, thereby delaying any review of plaintiffs' claims on the merits. *Id.* at 451. Unlike the procedural rule in *Riley*, The Order Enjoining Defendant does not increase the risk that Winburn will procedurally default on his constitutional claims. Winburn argues that "a party such as petitioner . . . subject to the order cannot challenge it until after a conviction." (ECF No. 7, PageID.85.) Again, this misconstrues the Order Enjoining Defendant, which does not prevent Winburn from filing an application for interlocutory appeal. *Riley* does not apply here, and Winburn can seek timely review of his constitutional claims in state court.

Finally, Winburn argues that the state court acted in bad faith, rendering any state-court review futile. According to Winburn,

> the state court's enjoinment order was clearly timed to prevent Petitioner from exposing his attorney in a conspiracy in a conspiracy to deprive Petitioner of access to the federal judiciary on the double jeopardy claim or face the prospect of trial by abstentia. . . . The enjoinment order was clearly done for the purpose of discouraging the assertion of constitutional rights. Its motivation rises to the level of bad faith.

9

(ECF No. 7, PageID.86.) The Court does not find that the Order Enjoining Defendant was entered in bad faith. To the contrary, the state court reasonably concluded that such an Order was necessary to ensure Defendant's trial could proceed properly:

> The court appointed Alexandria Taylor, Esq. to serve as defendant's attorney on March 6, 2019. This followed defendant's mistrial, necessitated by defendant's conduct. This is defendant's fourth court-appointed attorney. Defendant has filed a civil suit against his last attorney, Dione Webster-Cox, Esq., in the Washtenaw County Circuit Court, 19-101-NM, causing a conflict of interest and counsel's malpractice carrier allegedly ceasing her coverage for future representation. Given the circumstances, the court was constrained to permit counsel's withdrawal. Defendant has also filed numerous grievances against several attorneys involved in his case, apparently in an effort to prevent trial in this case from proceeding and/or to cause or create a situation where no counsel would represent him with hopes of reverting to proceeding *in pro per*. Defendant's actions are interfering with the ability of the court to conclude a trial of his case as articulated on the record on June 20, 2019.

Order Enjoining Defendant. Furthermore, assuming for the sake of argument that the state trial court did act in bad faith, its motive cannot be imputed to the appellate court, the state court that would review Winburn's claims.

Because Winburn has not demonstrated a palpable error with respect to this Court's determination that *Younger* abstention is appropriate, Winburn's Motion for Reconsideration is denied with respect to this claim.

### D. Denial of *in forma pauperis* status on appeal

In its September 19 Opinion, the Court denied Petitioner leave to proceed *in forma pauperis* on appeal. (ECF No. 5, PageID.77.) Petitioner argues that the Court erred because Magistrate Judge R. Steven Whalen granted Petitioner's IFP application. (ECF No. 4.) Although Petitioner was granted IFP status to file his habeas petition, that does not guarantee him the right to proceed with IFP status on appeal. Federal Rule of Appellate Procedure 24 provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith." Fed. R. App. Proc. 24(a)(3)(A). The district court may make such a certification "before or after the notice of appeal is filed." *Id*.

The Court again concludes that an appeal from this decision would be frivolous and could not be taken in good faith. *See Coppedge v. U.S.*,

369 U.S. 438, 444 (1962). Petitioner asks this Court to intervene in ongoing state criminal proceedings when he could seek review in state court; *Younger* abstention is appropriate. Therefore, even though Petitioner was granted leave to proceed *in forma pauperis* in this Court, he may not proceed *in forma pauperis* on appeal. Fed. R. App. P. 24(a)(3)(A).

Petitioner cites to *Samarripa v. Ormond* for the proposition that a filing fee does not apply to a 28 U.S.C. § 2241 action. 917 F.3d 515 (6th Cir. 2019). *Samarripa* stands for the opposite. The court in *Samarripa* acknowledged that petitioners ordinarily must pay a $505 filing fee to appeal from a denial of a § 2241 habeas petition but held that pursuant to 28 U.S.C. § 1915(a)(1), a district court may require petitioners to pay all, some, or none of that fee. *Id.* at 516.

Petitioner's Motion for Reconsideration is denied with respect to this claim.

**E. Denial of Certificate of Appealability (COA)**

Lastly, Petitioner alleges that the Court erred in imposing a Certificate of Appealability (COA) requirement to his case because a certificate is not needed to appeal § 2241 habeas petitions. (ECF No. 7,

PageID.87.) The Court's September 19 Opinion and Order neither issued nor denied a COA. (ECF No. 5.) This was in error. Although the Sixth Circuit has not decided the issue, this Court holds that Winburn's petition is subject to a COA requirement. The Court declines to issue Winburn a COA.

28 U.S.C. § 2253(c)(1)(A) provides that a COA is necessary to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." The Sixth Circuit has recognized that State prisoners seeking postconviction relief from detention must obtain a COA to appeal an adverse district court decision in a § 2241 petition. *Greene v. Tenn. Dep't of Corr.*, 254 F.3d 369, 370 (6th Cir. 2001). But the court "has not determined whether a COA is required to appeal a denial of a § 2241 petition where the petitioner is challenging state pretrial detention." *Christian v. Wellington*, 739 F,3d 294, 295 n.5 (6th Cir. 2014).

Other circuits universally hold that a COA is required in such instances. The Fifth Circuit, in a case cited favorably by the Sixth Circuit in *Greene*, held that state pretrial detainees must also obtain a COA in § 2241 cases because "the detention complained of arises out of process

13

issued by a State court." *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). And as the Second Circuit noted in *Hoffler v. Bezio*, each of the six circuit courts that have considered the issue has concluded that § 2253(c)(1)(A) requires a COA when a pretrial state petitioner brings a § 2241 petition. 726 F.3d 144, 152 (2nd Cir. 2013) (collecting cases). The *Hoffler* Court concluded that "a state prisoner is statutorily required to procure a COA to appeal form a final order in *any* habeas proceeding, without regard to whether that proceeding arose under § 2254, § 2241, or some other provision of law." *Id.*

Relying on *Greene* and *Stringer*, this Court held in *Smith v. Burt* that a COA is required to appeal the final order in a § 2241 habeas petition challenging state pretrial detention. 2:19-CV-10159, 2019 WL 529281, *3 (E.D. Mich. Feb. 11, 2019). Like in *Smith*, the Court finds that a certificate of appealability is needed when a state pre-trial prisoner brings a habeas petition under § 2241 because the detention complained of arises out of process issued by a state court.

Rule 11(a) of the Rules Governing Section 2254 Cases, which also applies to cases brought under § 2241, requires the Court to "issue or

deny a certificate of appealability when it enters a final order adverse to the applicant." The Supreme Court has held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473 (2000). Because "jurists of reason" would not find debatable this Court's determination that *Younger* abstention is appropriate, a COA is denied.

## IV. Conclusion

For the reasons set forth above, Petitioner's Motion for Reconsideration (ECF No. 7) is **GRANTED IN PART** and **DENIED IN PART**. The Court's September 16, 2019 Order no longer recharacterizes Petitioner's claims. Petitioner's case remains dismissed without prejudice. It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED**. The Clerk of Court is **ORDERED** to notify the Sixth Circuit Court of Appeals that

15

Petitioner is not entitled to proceed *in forma pauperis*. A certificate of appealability is **DENIED.**

IT IS SO ORDERED.

Dated: November 1, 2019　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 1, 2019.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager